ORDER OF DISBARMENT

EDWIN LLOYD PITTMAN, C.J.
¶ 1. This matter is before the Court sitting en banc upon a joint formal complaint for disbarment filed by the Mississippi Bar, through its General Counsel, and Derryl Wayne Peden, seeking the disbarment of Peden for his unprofessional and unethical conduct and conduct evincing unfitness for the practice of law. This Court finds that the joint formal complaint is well taken and should be granted.
¶ 2. Derryl Wayne Peden was a resident of Hinds County, Mississippi, whose last known mailing address was 2501 River Oaks Building, Apartment C, Jackson, Mississippi 39211. Peden is currently incarcerated in the Hinds County Detention Center in Raymond, Mississippi. At all times hereinafter mentioned, Peden was a member of the Mississippi Bar subject to the disciplinary jurisdiction of the Supreme Court of Mississippi and its disciplinary agencies. The formal complaint in *1191 the instant cause was filed pursuant to Rules 6 and 10 of the Rules of Discipline for the Mississippi Bar.
¶ 3. On or about May 16, 2000, Johnette R. Wolfe filed an informal complaint with the Mississippi Bar accusing Peden of professional misconduct. This complaint accused Peden of forgery, neglect, lack of communication and other misconduct. Pe-den does not intend to respond to this complaint and enters a plea of nolo conten-dere to the complaint filed by Wolfe.
¶ 4. On or about July 30, 1999, Peden issued a check drawn from his Attorney at Law Trust Account at the Union Planters Bank, check number 574, made payable to Kenneth Simmons for the amount of $16,666.66 which was not honored by the bank due to insufficient funds. Since that time Peden has paid Simmons $6,000.00 of the debt but still owes approximately $10,666.66. Simmons is owed this money due to his hiring of Peden as his attorney to represent him. The case eventually settled for $25,000.00, of which Simmons was to receive 66^% (or $16,666.66). While Peden does not admit to misappropriating or converting the $16,666.66 owed to Simmons, he enters a plea of nolo contendere to this allegation.
¶ 5. On or about May 9, 2000, Peden was arrested by the Jackson, Mississippi Police Department and charged with committing armed robberies of a Check Cash Headquarters on March 28, 2000, and of an Advance America on April 28, 2000. On May 25, 2001, Peden entered pleas of guilty to two counts of armed robbery in violation of Miss.Code Ann. § 97-3-79 (2000) in Cause Numbers 00-0-720-LBH and 00-0-721-LBH in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Peden was sentenced to serve a term of six years in the custody of the Mississippi Department of Corrections.
¶ 6. On or about June 21, 2000, Peden was indicted by a federal grand jury on charges involving- federal securities and wire fraud violations. Peden was also charged with failing to file tax returns for the years of 1994, 1995, and 1996. On or about February 22, 2001, in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, in Case Number 2:00er23PG-001, Peden entered a guilty plea to conspiracy to commit wire fraud or securities fraud in violation of 18 U.S.C. § 371 and willful failure to file an income tax return for the year 1995 in violation of 26 U.S.C. § 7203. Thereafter Peden was committed to the custody of the United States Bureau of Prisons to serve a term of sixty (60) months for the conspiracy charge and twelve (12) months for the failure to file an income tax return, consecutively. The sentence received in the United States District Court is to run concurrently with the sentence imposed by the Circuit Court of the First Judicial District of Hinds County, Mississippi.
¶ 7. This Court agrees that the joint formal complaint for disbarment filed by the Mississippi Bar and Derryl Wayne Peden is sufficient for the purposes of Rule 10.2 of the Mississippi Rules of Discipline [1] since such a filing is synonymous with a plea of nolo contendere. This Court also agrees that Peden’s convictions and sentences regarding the armed robberies, conspiracy to commit wire fraud or securities fraud and failure to file an income tax return for the year 1995 are among the *1192 type of crimes contemplated by Rule 6(a) of the Mississippi Rules of Discipline[2] which warrant the imposition of immediate suspension from the practice of law in the State of Mississippi.
¶8. This Court finds that Peden has engaged in unprofessional and unethical conduct and conduct evincing unfitness for the practice of law and that his acts constitute cause for discipline to be imposed.
¶ 9. IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED as follows:
¶ 10. 1. This Court accepts Derryl Wayne Peden joining in the instant joint formal complaint for disbarment as a joint formal complaint for disbarment as a joint petitioner as being tantamount to a motion to enter a nolo contendere plea.
¶ 11. 2. Derryl Wayne Peden should be, and is hereby, DISBARRED.
¶ 12. 3. This order shall constitute notice of disbarment in this cause.
¶ 13. 4. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Circuit Court Judges and Chancellors in and for Hinds County, Mississippi, and the Senior Judges of such courts shall enter this order upon the minutes of their respective courts.
¶ 14. 5. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the .Clerk of the Supreme Court of the United States.
¶ 15. 6. Costs of the formal complaint should be and are hereby assessed against Derryl Wayne Peden.
¶ 16. SO ORDERED, ADJUDGED, AND DECREED, this the 2Uh day of October, 2001.
WALLER, J., Not Participating.

. Rule 10.2 states:
Pleas of Nolo Contendere — Contents. Such pleas need not address the factual matters alleged on the Formal Complaint. If accepted, a plea of nolo contendere shall be considered tantamount to proof of guilt on the matters charged for purposes of determining the discipline to be imposed or the disposition to be made.

. Rule 6(a) states:
Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contendere therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction or order accepting or acknowledging the offer or tender of a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.